CRAWFORD, Chief Judge
(concurring):
The Court of Criminal Appeals should determine if this case is distinguishable from United States v. Perron[1] because that record established that the timing of the payment was important. On January 15,1999, Perron entered into a pretrial agreement that required the convening authority to waive all automatic forfeitures and pay those to Perron’s family. On March 8,1999, shortly after the convening authority’s action, the defense counsel sent a clemency request to the convening authority noting that his family had not been paid the forfeitures and that his “family cannot survive financially without the aid.”[2] He asked for relief in the form of the payment of forfeitures to his family or immediate release from jail. On March 11, 1999, the convening authority responded that he had sent a letter to the Defense Finance and Accounting Service (DFAS) requesting a waiver of all forfeitures and payment to his dependents. DFAS responded that that was not possible because he had entered a no-pay status when sentencing occurred and he was confined. Thus, because there were no forfeitures available, none could be paid to his family.
After the convening authority’s action and the response from DFAS, Perron again sought relief from the Coast Guard Court of Criminal Appeals.
Perron clearly noted on the record his unwillingness to receive late payment. However, where timing is not critical to specific performance, that is, payment plus interest satisfies the agreement, there is no reason to permit withdrawal of the plea. The court below should determine the materiality of the timing and whether this case is different from Perron. A payment at this time may constitute specific performance.
While it is important for the Court to note its interpretation of 10 U.S.C. § 1059 (2000), in the future, the Courts of Criminal Appeals must examine their opinions in light of Clinton v. Goldsmith,[3]

. 58 M.J. 78 (C.A.A.F.2003).

. Id. at 79.

. 526 U.S. 529, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999).